**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RICHARD HEINZEN and ) | |
| KATERINA HEINZEN, ) | |
| ) | Case No. 4:17-cv-2881 |
| Plaintiffs, ) | |
| ) | Mo. State Ct. Case No. |
| v. ) | 17SL-CC03609 |
| ) | |
| MONSANTO COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF
<u>PLAINTIFFS' MOTION TO REMAND</u>**

INTRODUCTION

The case at bar presents the following issue: is a defendant, which is a resident of the state in which suit is filed and the only defendant in the case, able to remove such case to federal court on diversity grounds? Monsanto Company, the only defendant here, has attempted to do so. It has removed this case from Missouri state court to federal court on grounds of diversity despite the fact that it is a resident of Missouri. Plaintiffs Richard and Katerina Heinzen have moved to remand because Monsanto's removal violates 28 U.S.C. § 1441(b)(2), which provides that a case, which is removable solely on diversity grounds, "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Even if there is some latitude for a non-resident defendant to remove a case before any forum defendant is "joined and served," a forum defendant itself cannot do so. Accordingly, Plaintiffs respectfully submit that their motion to remand should be granted.

There is no federal question here. It is undisputed that the parties are diverse and that the amount in controversy exceeds the jurisdictional minimum. The issue is whether removal is

1

prohibited by § 1441(b)(2) ("forum defendant rule"). Monsanto asserts that this statutory provision does not bar removal because—according to Monsanto—it was not served before it filed to remove the case. Its position is incorrect both as a matter of law and of fact.

As a matter of law, Monsanto necessarily had to appear in the case in order to remove it. Once Monsanto appeared as a party, there was a forum defendant effectively joined and served because a voluntary appearance has the same legal effect as being served. Additionally, as a matter of fact, Monsanto was served with a summons and copy of the petition—by first class mail from the clerk of the court as provided under Missouri law. Finally, Monsanto's position necessarily relies upon an exceedingly literal interpretation of the statute, which a majority of courts have rejected. *See Perez v. Forest Laboratories, Inc.*, 902 F.Supp.2d 1238, 1245 (E.D. Mo. 2012) ("emerging trend seems in favor of disallowing preservice removal"). Assuming *arguendo* that there was no appearance or service (which there was), the better reasoned decisions hold that § 1441(b)(2) does not allow for pre-service removal—especially not by a forum defendant. *See Perez*, 902 F.Supp.2d at 1244 ("a forum defendant's pre-service removal is a particularly egregious violation of the rationale underlying the forum defendant rule.").

STATEMENT OF THE CASE

Most of the basic operative facts are not in dispute. Plaintiffs are citizens and residents of Wisconsin. Monsanto, the only defendant, is a citizen and resident of Delaware and of Missouri, the forum state. Plaintiffs agree that the amount in controversy exceeds $75,000.00.

Plaintiffs filed their case on September 22, 2017 in the Circuit Court for St. Louis County, Missouri. Monsanto removed the case to this Court on December 14, 2017. In ¶ 8 of its *Notice of Removal*, Monsanto states unequivocally—without qualification or explanation—that it "has not been served with the Petition in the State Court Action." Plaintiffs dispute that

2

characterization. A summons for service by first class mail was issued and mailed to Monsanto's Missouri registered agent for service of process by the state court clerk's office on October 31, 2017. *See* Exhibit 1. Neither Monsanto nor its registered agent returned the accompanying acknowledgement. *Id*. Monsanto's *Notice of Removal* does not deny that its registered agent actually received the summons and petition—instead it states as an interpretive conclusion that it "has not been served."[1] Monsanto's *Notice of Removal* also does not state when or how it became aware of the state court action.[2]

## LEGAL STANDARD

The Eighth Circuit applies the "anti-removal presumption" in cases removed on diversity grounds. *See Bailey v. Monsanto Co.*, 176 F.Supp.3d 853, 865 (E.D. Mo. 2016). Any doubts about the propriety of the removal are resolved in favor of remand, including construing statutes against removal and in favor of remand. *Id*. The removing defendant bears the burden of proving that jurisdiction and removal are proper, including that all prerequisites have been met. *Id*. The Eighth Circuit treats a violation of the forum defendant rule, § 1441(b)(2), as a jurisdictional defect, not a procedural one. *See Horton v. Conklin*, 431 F.3d 602, 604-05 (8th Cir. 2005).

## ARGUMENT

The case at bar is not about whether § 1441(b)(2) restricts, allows or prohibits pre-service removal by defendants, which are *not* residents of the state where the case is filed. It is about removal by a forum defendant, which most courts have described as readily distinguishable,

---

[1] Respectfully, Monsanto should state facts rather than vague interpretive characterizations. If it is denying that its registered agent physically received copies of the summons and petition by first class mail, Monsanto should say so. If it is not denying actual receipt—and just claiming that such receipt by mail does not qualify as service—then Monsanto should admit when the summons and petition were received and make a legal argument instead of just saying 'not served.'

[2] Given that they were mailed by the clerk of the state court on October 31, 2017, Monsanto's registered agent would have received the summons and complaint more than 30 days before this case was removed.

3

particularly egregious and not allowed. *See Hawkins v. Cottrell, Inc.*, 785 F.Supp.2d 1361, 1373 (N.D. Ga. 2011); *Campbell v. Hampton Roads Bankshares, Inc.*, 925 F.Supp.2d 800, 808-10 (E.D. Va. 2013); *Estate of Harris v. Abbott Acquisition Co., LLC*, 2017 WL 3608138 (W.D. Pa. Aug. 22, 2017); *Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067, *5-6 (E.D. Pa. May 30, 2008); *Perez*, 902 F.Supp.2d at 1244; *Gentile v. Biogen Idec, Inc.*, 934 F.Supp.2d 313, 317 (D. Mass. 2013). These courts reach such result by slightly different routes, most of which ultimately involve relying upon the purposes behind diversity jurisdiction and the forum defendant rule. A minority of decisions—most of which involve removal by non-resident defendants—allow removal by adhering to a strict, literal interpretation of § 1441(b)(2).[3]

Plaintiffs respectfully suggest a more elementary analysis that avoids choosing between policy and plain language—that a forum defendant's act of removing the case constitutes its appearance as a party, which satisfies being served for purposes of § 1441(b)(2). Alternatively, Monsanto was "properly" served prior to removal. Finally and alternatively, allowing a forum defendant to remove a case on diversity grounds, especially when it is the *only* defendant, is fundamentally inconsistent with the purpose of the statutory scheme as a whole.

(1)
*A Forum Defendant Becomes "Joined and Served"*
*By Appearing in a Case to Remove It*

A voluntary appearance by the forum defendant satisfies the "properly joined and served" requirement. *See Thrifty Supply Co. of Seattle, Inc. v. Slakey Bros.*, 2004 WL 1686945 (D. Ore.

---

[3] Of the cases cited by Monsanto only two, *Terry v. J.D. Street & Co., Inc.*, 2010 WL 3829201 (E.D. Mo. Sept. 23, 2010) and *Saratoga Advantage Trust Tech. & Com. Portfolio v. Marvell Tech. Group, Ltd.*, 2015 WL 9269166 (N.D. Cal. Dec. 21, 2015), involved removal by a forum defendant as opposed to a non-resident defendant. As discussed more fully below, neither decision has been followed in other cases involving removal by a forum defendant. Neither decision addresses Plaintiffs' primary argument here—namely, that it is legally impossible for a forum defendant to claim standing to remove, yet deny being a party for purposes of the forum defendant rule.

July 26, 2004). Filing a notice of removal is a voluntary appearance equivalent to service of process. *See Jordan v. Unified Gov't of Wyandotte County*, 100 F.Supp.3d 1111, 1121 (D. Kan. 2015); *Sanders v. South Carolina Dept. of Corrections*, 2004 WL 2944083, *3 (D. S.C. Mar. 1, 2004). As a matter of Missouri law, other than objecting to jurisdiction, "if a party takes any action in a case which recognizes the case as being in court, this will amount to a general appearance." *Germanese v. Champlin*, 540 S.W.2d 109, 112 (Mo. App., St.L. 1976). *Accord KNT Management, Inc., LLC v. Flenoid*, 419 S.W.3d 897, 900 (Mo. App., E.D. 2014) ("the test of general appearance…is whether the defendant becomes an actor in the cause"). "It has long been the rule in Missouri that it is immaterial…whether a party appears voluntarily or by summons." *Thelen v. Ekberg*, 167 S.W.2d 645, 649 (Mo. App., K.C. 1942). *See also Carter v. Guffey*, 548 S.W.2d 233, 235 (Mo. App., K.C. 1977) (jurisdiction over a party "does not vest only by a petition and service of process…but also by his voluntary appearance").

Under the above authorities, Monsanto's voluntary appearance to attempt removal correspondingly made it, a forum defendant, a party as effectively as if served, thereby satisfying § 1441(b)(2)'s "properly joined and served" requirement and blocking removal. Monsanto had to appear as a party in order to file a notice of removal because "[i]t is axiomatic that…removal can be achieved only by a defendant, who is by implication a party to the state court action." *Adams v. Adminastar Defense Services, Inc.*, 901 F.Supp. 78, 79-80 (D. Conn. 1995) (*citing Housing Auth. Of Atlanta v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973); *In re MacNeil Bros.*, 259 F.2d 386, 387 (1st Cir. 1958); *Conway v. Delgado*, 1992 WL 189428 (D. D.C. July 21, 1992); *Kane v. Republica De Cuba*, 211 F.Supp. 855, 856 (D. P.R. 1962); *City of Alma v. Bell Galyardt & Wells, Inc.*, 606 F.Supp. 686, 689 (D. Neb. 1985)). *See also Rainer by and through Jenkins v. York Plaza Truck, Inc.*, 2010 WL 11562087, *4 (N.D. Ala. May 28, 2010). The statute itself

5

specifies that an action "may be removed by the defendant or the defendants…" § 1441(a). The alternative—concluding that it did appear by filing for removal—would mean that Monsanto had no standing to remove, which would make its removal a nullity and still require remand. In that regard, the court in *Rainer by Jenkins* held:

> Strict construction of the removal statutes requires resolution of any question concerning the propriety of removal in favor of remand. That rule applies equally to questions about whether a particular entity is a "defendant" for purposes of removal. Where there is doubt, remand is the proper course.

2010 WL 11562087 at *4. *See also Bailey*, 176 F.Supp.3d at 865.

Although deciding the case on other grounds, the court in *Campbell* aptly observed that "permitting a forum defendant to appear and seek federal jurisdiction for an action through removal, whilst simultaneously asserting that it cannot be barred from removing because it has not been properly made a party to the action—through delivery of summons and a copy of the complaint—is patently absurd." 925 F.Supp.2d at 809-10. That is precisely the situation here. Allowing Monsanto to appear and remove this case on the pretext that it has not yet been served would allow it to benefit from taking diametrically contradictory positions—and, moreover, to do so in order to achieve a result at odds with the purpose of the statute at issue.

(2)
*Monsanto Was "Properly Served" in Accordance with Missouri Law*

Monsanto justifies removal by claiming, in paragraph 8 of its *Notice*, that it "has not been served." That is factually inaccurate and based, apparently, on Monsanto's unsupported and improper ideation that refusing to acknowledge service is the same as not being served. Missouri Rules of Civ. Pro. 54.13 and 54.16 allow for service by first class mail sent by the clerk of the court. The St. Louis County court clerk mailed a summons and copy of the complaint to Monsanto's Missouri registered agent on October 31, 2017. *See* Ex. 1. That was proper service.

6

Monsanto's refusal to acknowledge may have made such service ineffective, but it did not make it improper or negate that it occurred. Section 1441(b)(2) requires "proper" service, not necessarily effective service. *See e.g. In re Pharmaceutical Indus. Ave. Wholesale Price Litig.*, 431 F.Supp.2d 109, 212 (D. Mass. 2006) ("proper" service as required by federal removal statutes does not necessitate completely "effective" service).

It also appears that Monsanto's removal is untimely. The summons and complaint were mailed on October 31, 2017. Monsanto filed to remove on December 14, 2017. Unless it took over two weeks for mail to be delivered, Monsanto's removal was more than 30 days after its registered agent would have received the summons and complaint, which fails to comply with § 1446(b)(1). As the removing party, Monsanto has the burden to show that removal was proper— including that it was timely. *See Bailey*, 176 F.Supp.3d at 865. Its *Notice* fails to specify when and how Monsanto received notice of this matter. The Supreme Court has held that the removal clock begins to run when a defendant is formally, as opposed to informally, served and where service includes a summons. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (faxing courtesy copy of complaint insufficient). Apart from whether it satisfies § 1441(b)(2), mailing both a summons and petition by the court clerk is sufficiently formal to start the clock. *Id*. (service by certified mail).[4]

(3)
*Allowing Pre-Service Removal is Inconsistent with the Purposes and Policies*
*Of Diversity Jurisdiction and the Forum Defendant Rule*

Assuming arguendo that neither Monsanto's appearing to remove nor the mailed service satisfies § 1441(b)(2)'s "joined and served" language, remand is nevertheless required under the

---

[4] Plaintiffs rely on untimeliness as a basis for remand only if the Court declines to hold that Monsanto appeared or was voluntarily served. Section 1446 uses the phrase "receipt by the defendant, through service or otherwise," which is broader than "properly joined and served"—making it possible that there could be service that starts the removal clock but does not trigger the forum defendant rule.

7

majority trend, which disallows pre-service removal especially by a forum defendant. Decisions from this District involving the propriety or impropriety of pre-service removal are split, although the more recent trend favors granting remand. *See Bailey*, 176 F.Supp.3d at 865; *Hensley v. Forest Pharmaceuticals, Inc.*, 21 F.Supp.3d 1030 (E.D. Mo. 2014); *Perez v. Forest Laboratories, Inc.*, 902 F.Supp.2d 1238, 1245. Those decisions allowing removal follow what is characterized as strict adherence to the plain language of the statute—that nothing in the statutes expressly prohibits pre-service removal and § 1441(b)(2) only bars removal after a forum defendant is actually served. Decisions disallowing such removal and granting remand look to the obvious intent behind the "properly joined and served" language, which was added in 1948 to "preven[t] plaintiffs from joining, but not serving, forum defendants to block removal." *Hensley*, 21 F.Supp.3d at 1033-34 (*quoting Perez*, 902 F.Supp.2d at 1245).

Most of the cases, in this District and others, involve removal by non-resident defendants before a forum defendant is served. Even in those situations, the majority trend is to disallow removal. *See Perez*, 902 F.Supp.2d at 1245. *See also In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 67 F.Supp.3d 952, 960-61 (N.D. Ill. 2014) (blindly adhering to strict plain language eviscerates the forum defendant rule); *Oxendine v. Merck and Co., Inc.*, 236 F.Supp.2d 517, 524 (D. Md. 2002) (following majority in rejecting literal language approach); *In re Jean B. McGill Revocable Living Trust*, 2017 WL 75762 (N.D. Okla. Jan. 6, 2017) (a suit is not pending and, therefore, subject to removal until at least one party has been served).

An even clearer and overwhelming majority of decisions hold that a forum defendant cannot remove a case prior to its being served. *See Hawkins*, 785 F.Supp.2d at 1373 ("allowing an unserved forum defendant to remove a diversity action clearly defeats the purpose of the forum defendant rule because it enables a resident defendant, who would not be subject to

8

presumptive local prejudice in state courts, to obtain a federal forum"); *Campbell*, 925 F.Supp.2d at 809-10 ("if the removing defendant and unserved forum defendant are the same…plain language might allow for removal, [h]owever, permitting a forum defendant to appear and seek federal jurisdiction for an action through removal, whilst simultaneously asserting that it cannot be barred from removing because it has not been properly made a party to the action…is patently absurd"); *Estate of Harris*, 2017 WL 3608138 at *16 (A "forum defendants cannot remove…") (*citing Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005)); *Plymouth v. Dimension Service Corp*., 2017 WL 726943, *1 (Feb. 24, 2017) rpt. & rec. adopted 2017 WL 1276727 (S.D. Ohio Apr. 6, 2017) ("history of removal strongly suggests that Congress never intended that in-state defendants be allowed to remove diversity cases to federal court") (*citing Martin v. Snyder*, 146 U.S. 663 (1893)).

Disallowing removal is especially appropriate where, as here, the forum defendant is also the only defendant. *See Talbot v. Tokarski*, 2014 WL 5437035, *3 (D. Mont. 10/24/2014) ("no need for protection from local bias when the sole defendant is a forum defendant"); *Allen*, 2008 WL 2247067 at *5. It is highly unlikely that any plaintiff would fraudulently join the sole defendant (and never serve it) just to block removal. Plaintiffs here have simply chosen to pursue their claims against Monsanto in the state where it has chosen to maintain its headquarters. One of the very few decision that would allow removal in such circumstance is this District's decision in *Terry*, 2010 WL 3829201, which Monsanto cites. *Terry*, however, did not consider Plaintiffs' first point—that appearing to remove satisfies being served. Moreover, *Terry* runs counter to the majority rule prohibiting removal by the forum defendant itself and has been expressly rejected more often than followed in that situation. *See Phillips Constr. v. Daniels Law Firm*, PLLC, 93 F.Supp.3d 544, 550-51 (S.D. W.Va. 2015); *Hawkins*, 785 F.Supp.2d at 1373, n. 14; *Campbell*,

9

925 F.Supp.2d 807, n.13; *Testosterone Replacement Therapy Litig.*, 67 F.Supp.3d at 959; *Perez*, 902 F.Supp.2d at 1245; *Talbot*, 2014 WL 5437035 at *2, n.1. Cases citing favorably to *Terry* have involved the 'less egregious' circumstances—removal by a non-resident defendant that has been served or notified, prior to service on the forum defendant. *See e.g Travers v. Five Below, Inc.*, 2017 WL 2813320 (E.D. Mo. June 29, 2017); *Johnson v. Emerson Elec. Co.*, 2013 WL 5442752 (E.D. Mo. Sept. 23, 2010).[5] Allowing non-resident defendants to remove is no precedent for allowing a forum defendant to do so. Respectfully, Terry should not be followed here.

## CONCLUSION

For the reasons herein stated, Plaintiffs respectfully request that the Court remand this matter to the Circuit Court for St. Louis County, Missouri.

Respectfully Submitted,

Richard Heinzen and Katerina Heinzen

**SIMMONS HANLY CONROY**

By:    */s/ Sarah S. Burns*
Sarah S. Burns #56554
William A. Kohlburn #37147
One Court Street
Alton, IL 62002
Phone: 618-259-2222
Fax: 618-259-2251
bkohlburn@simmonsfirm.com

---

[5] It appears that *Saratoga Advantage Trust*, 2015 WL 9269166, the other decision cited by Monsanto allowing removal by a forum defendant, has not been cited at all—unfavorably or favorably.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 12, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

>  */s/Sarah S. Burns*
>  Sarah S. Burns